PEOPLE v. JAMERSON

CRIMINAL LAW—CONSTITUTIONAL LAW—SELF-INCRIMINATION.
Use of defendant's signature appearing on a fingerprint card in his trial for uttering and publishing by indorsing a check with name of fictitious payee *held,* not a violation of his privilege against self-incrimination even though he had not been informed at the time he signed the card of its possible use against him, and it was properly admitted to show that he had not indorsed the check with his rightful name.

Appeal from Washtenaw, Breakey (James R., Jr.), J. Submitted Division 2 November 4, 1968, at Lansing. (Docket No. 5,259.) Decided November 25, 1968.

Ozzie Jamerson was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink,* Assistant Prosecuting Attorney, for the people.

*Erwin A. Salisbury,* for defendant.

PER CURIAM. This appeal challenges a jury verdict of guilty for the crime of uttering and publishing. CL 1948, § 750.249 (Stat Ann 1954 Rev

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 362.

§ 28.446). Defendant paid for some medicine by indorsing a check with the name of a fictitious payee. He claims that the use at trial of his signature, appearing on a fingerprint card which he signed without being informed of its possible use against him, violated his privilege against self-incrimination and was inadmissible under CL 1948, § 600.2144 (Stat Ann 1962 Rev § 27A.2144). Defendant also claims the evidence was insufficient to sustain the verdict.

Defendant's signature was admissible evidence to show that he did not indorse the check with his rightful name, CL 1948, § 768.25 (Stat Ann 1954 Rev § 28.1048), and its admission did not violate defendant's privilege against self-incrimination. *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178). The jury could infer from the evidence submitted that defendant had knowledge of the forged signature of either the drawer or the payee, and thus sustain a guilty verdict for uttering and publishing.

Affirmed.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.