## PEOPLE *v.* SMOGOLESKI

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—EXAMINING MAGISTRATE.

   Although the statute provides that a magistrate who issues a warrant for arrest shall conduct the preliminary examination, and this is a right of the defendant, the objection must be raised before submission to the preliminary examination and cannot be first raised on a motion to quash (CL 1948, §§ 766.3, 766.4).

2. SAME—PRELIMINARY EXAMINATION—VENUE—WAIVER.

   Defendant's right to have preliminary examination before the magistrate who issued the warrant is a matter of venue, not jurisdiction, and may be waived by stipulation of the parties or by failure to make timely demand (CL 1948, §§ 766.3, 766.4).

3. SAME—PROCEDURE—WAIVER OF EXAMINATION—INDIGENT DEFENDANT—ATTORNEY AND CLIENT.

   Need of indigent defendant for counsel at preliminary examination should be communicated to the circuit court in the county by the examining magistrate so that counsel may be appointed without the necessity of waiver of examination by defendant and subsequent remand for examination after appointment of counsel, with its attendant delay.

4. SAME—FORGERY—HANDWRITING SAMPLES—SELF-INCRIMINATION—COMPULSION.

   A handwriting sample taken from a defendant charged with forgery, as distinguished from the content of what is written,

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 446.
[3] 21 Am Jur 2d, Criminal Law §§ 313, 314, 446, 449.
[4, 5] 29 Am Jur 2d, Evidence § 811.
[6] 21 Am Jur 2d, Criminal Law §§ 313, 314.
    29 Am Jur 2d, Evidence § 811.
[7] 5 Am Jur 2d, Appeal and Error § 545.

is an identifying physical characteristic of the defendant, and the taking of samples by compulsion is not within the prohibition of the Fifth Amendment of the Federal Constitution (US Const, Ams 5, 6; CLS 1961, § 600.2144; CL 1948, § 750.248).

5. Same—Forgery—Evidence—Handwriting Samples—Admissibility

Samples of signatures may not be compelled, under Michigan law, from a defendant charged with forgery but may be used in evidence if voluntarily given (CL 1948, § 750.248).

6. Same—Forgery—Handwriting Samples—Right to Counsel.

Taking of handwriting samples of a defendant charged with forgery is not a critical stage of criminal proceedings entitling the defendant to assistance of counsel (US Const, Am 6; CL 1948, § 750.248).

7. Appeal and Error—Evidence—Admissibility—Statute—Preserving Question.

Objection to admission of handwriting samples in evidence in prosecution for forgery cannot be sustained on appeal on ground that it is prohibited by statute where the statute was not mentioned at trial, and objection was made there on grounds that samples were taken in violation of constitutional rights (US Const, Ams 5, 6; CLS 1961, § 600.2144; CL 1948, § 750.248).

Appeal from Mason, Van Domelen (Harold), J., presiding. Submitted Division 3 June 5, 1968, at Grand Rapids. (Docket No. 3,186.) Decided December 2, 1968.

Glen Smogoleski was convicted of forgery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David F. Betz,* Prosecuting Attorney, for the people.

*Donald G. Jennings,* for defendant.

C. KAUFMAN, J.    Defendant Glen Smogoleski appeals from his conviction for forgery.[1]

The defendant was arrested September 26, 1965, and the preliminary examination was held on September 27, 1965, before the justice who issued the warrant. At this examination defendant requested appointment of counsel and was advised that it would be necessary to waive examination and request the appointment of counsel upon arraignment on the information in circuit court, whereupon the matter would be remanded for an examination if requested.

Defendant thereupon waived examination and was remanded to the county jail. On October 4, 1965, defendant was arraigned on the information in circuit court and counsel was appointed for him. At counsel's request, the matter was remanded for examination.

A preliminary examination was held April 21, 1966, before a municipal judge, a judge other than the magistrate who issued the warrant.

After defendant's request for court-appointed counsel and before his arraignment in circuit court, handwriting samples were obtained from him by police officers at the jail, which were used at his trial.

Defendant's motions to suppress this evidence were denied and defendant was convicted upon a jury trial.

The issues before this Court are twofold and may be summarized as follows: (1) must defendant's preliminary examination be conducted by the magistrate who originally issued the warrant, and (2) did the taking of the handwriting samples from

---

[1] CL 1948, § 750.248, as amended by PA 1964, No 101 (Stat Ann 1965 Cum Supp § 28.445).

defendant after his request for court appointed counsel violate defendant's constitutional rights?

As to the first issue, the law[2] provides that the magistrate who issues the warrant shall conduct the preliminary examination. The defendant contends that an examination before a municipal judge, other than the one who issued the warrant, is fatal to the jurisdiction of the circuit court. This matter was first raised on a motion to quash. At the actual examination, counsel indicated a readiness to proceed with the examination. It would appear to be a question of venue rather than jurisdiction. The defendant is entitled to have the preliminary examination before the magistrate who issued the warrant, but this issue must be raised before submitting to the preliminary examination. The record discloses that the defendant's counsel was ready, that he cross-examined the witnesses, and made no objection to the municipal judge conducting the examination. Further, no prejudice to defendant is claimed or appears. The basis of circuit court jurisdiction is a finding of probable cause filed by a magistrate. *People* v. *Dochstader* (1936), 274 Mich 238. The municipal judge who conducted the preliminary examination could have had jurisdiction, therefore we must hold that the claimed error goes to venue only. In the absence of a timely demand that the examination be held before the magistrate who issued the warrant, the parties may stipulate to or waive the matter not being heard by the original magistrate.

The import of this decision is not to condone the practice of having the examination before a magistrate other than the one who issues the warrant, rather it is a finding of no prejudice to defendant.

---

[2] CL 1948, § 766.3 (Stat Ann 1954 Rev § 28.921); CL 1948 § 766.4 (Stat Ann 1954 Rev § 28.922).

Where the issue is timely raised the examination must be heard by the magistrate who signed the warrant. While parties may not stipulate to confer jurisdiction upon a court, they may stipulate to waive improper venue.

Turning to the second issue raised on this appeal, it is appropriate at this time to comment upon the methods and manner of appointing attorneys in cases where indigents are involved. It appears that in some areas of this state defendants are required to waive examination in order to be arraigned in circuit court where an attorney may be appointed. There must be a more efficient method of communication established between arraigning magistrates and the circuit court to obviate this circuitous method of waiver and remand. The fact of an indigent defendant should be communicated to the circuit court of the county so that counsel may be appointed for an examination without the necessity of a waiver and subsequent remand. The present practice as aforementioned is not favored and henceforth attorneys for indigents are to be appointed for examination by the circuit court. No delay is necessary.

We are here presented with a factual situation where an indigent defendant requests the appointment of an attorney. A delay is caused by the method of that attorney's appointment, during which defendant gives a handwriting sample to officers. It appears that there was no coercion used in obtaining the sample. Was this such an interrogation after request for an attorney as is forbidden by *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974)? *Miranda* provides that interrogation must cease once a defendant indicates a desire not to talk or a desire to see an attorney.

Since deciding *Miranda,* the Supreme Court has taken careful steps to limit its applicability. Hard on the heels of *Miranda, Schmerber* v. *California* (1966), 384 US 757 (86 S Ct 1826, 16 L Ed 2d 908), came upon the scene and held that the accused is not entitled to counsel in the taking of a blood sample, which may be equated with the taking of a handwriting sample. The more recent case of *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178), stated as follows:

"The taking of the exemplars did not violate petitioner's Fifth Amendment privilege against self-incrimination. The privilege reaches only compulsion of 'an accused's communications, whatever form they might take, and the compulsion of responses which are also communications,' * * *, and not 'compulsion which makes a suspect or accused the source of "real or physical evidence." ' * * * One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection."

In regard to the Sixth Amendment privilege of right to counsel, guaranteed by *Miranda, Gilbert* holds that the taking of the exemplars was not a "critical" stage of the criminal proceedings entitling petitioners to the assistance of counsel.

Defendant for the first time on appeal raises the question of the prohibition provided in CLS 1961, § 600.2144 (Stat Ann 1962 Rev § 27A.2144) against using a sample signature created after the controversy concerning which the criminal proceedings were brought. It appears that, although objection

was made to admission of the evidence, it was predicated on a violation of Fifth and Sixth Amendment privileges and not as a violation of the statute. This Court need not pass on the controversy as to whether the aforementioned section of the revised judicature act of 1963 applies only to civil matters. *People* v. *Sturman* (1920), 209 Mich 284, indicates that the signatures may not be compelled, but may be used if voluntarily given. No objection was made either in *Sturman* or in the instant case predicated on this statute. *Sturman* holds that by not interposing an objection based on this statute to have the paper containing the picture excluded for comparison purposes, a defendant waives the benefit of same.

Defendant's conviction is affirmed.

McGREGOR, P. J., and HOLBROOK, J., concurred.