PEOPLE v. RODGERS

1. CRIMINAL LAW—TRIAL—EVIDENCE—ALIBI WITNESS—IMPEACH-
MENT—INSTRUCTIONS TO JURY.

Admission in evidence of testimony concerning prior incon-
sistent statements made by defendant's alibi witness was
proper, but failure of the trial court to instruct the jury
that this testimony could be considered only for purposes
of impeaching the credibility of the alibi witness and not
as substantive proof of guilt was reversible error, even
though such a cautionary instruction was not requested by
the defense, where this testimony tended to connect the
defendant directly with the crime, and the people's case was
otherwise based solely on circumstantial evidence.

2. EXPLOSIVES—CRIMINAL LAW—PLACING OF EXPLOSIVES—AIDING
AND ABETTING—STATUTE—CONSTRUCTION.

A special statute, specific in its language and enacted subse-
quent to its more general counterpart, constitutes an excep-
tion to the general regulation if there is a variance; there-
fore a statute setting a separate penalty for aiding and
abetting in the placing of explosives bars the trial court
from sentencing one who so aids or abets in the same man-
ner as one who actually placed the explosives in spite of
general statutory provision making accessories to crimes
liable as principals (CL 1948, §§ 750.206, 750.208, 767.39).

3. EXPLOSIVES—CRIMINAL LAW—PLACING OF EXPLOSIVES—AIDING
AND ABETTING—STATUTE.

Statutory provision setting separate penalties for aiding and
abetting in the placing of explosives *held,* not to establish

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 770, 780, 790.
[2] 5 Am Jur 2d, Arson and Other Related Offenses §§ 32, 44.
31 Am Jur 2d, Explosions and Explosives §§ 126, 128–130.
21 Am Jur 2d, Criminal Law §§ 127, 130.
[3] 21 Am Jur 2d, Criminal Law §§ 127, 130.
31 Am Jur 2d, Explosions and Explosives §§ 126, 129, 130.

this penalty only for aiding and abetting in the placing of explosives where no injury occurred or damage is done (CL 1948, §§ 750.205–750.208).

Appeal from Recorder's Court of Detroit, John P. O'Hara and George W. Crockett, Jr., JJ. Submitted Division 1 April 8, 1969, at Detroit. (Docket No. 4,534.) Decided June 25, 1969.

Donald G. Rodgers was convicted of placing explosives with intent to destroy and causing damage to property. Defendant appeals. Appeal dismissed. Defendant filed delayed motion for new trial. Motion denied by George W. Crockett, Jr., J. Defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Albert Summer,* for defendant on appeal.

Before: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant was convicted of placing explosives with intent to destroy and causing damage to property (CL 1948, § 750.206 [Stat Ann 1962 Rev § 28.403]) and sentenced to a prison term of 4–1/2 to 25 years, the latter period being the maximum punishment under CL 1948, § 750.206.

Defendant's alibi witness testified that defendant was at her home when the bombing in question occurred. On examination by the prosecution, the witness denied that she had told a police officer on a

previous occasion, that defendant had left her home just prior to the explosion with dynamite in his possession. The prosecution then called the police officer who testified as to the prior, inconsistent statements of the alibi witness. Although the testimony of the police officer was properly admitted,[1] the trial judge failed to instruct the jury that it could be considered only for purposes of impeaching the credibility of the alibi witness, and not as substantive proof of guilt. As this testimony tended to connect defendant directly with the *placing* of the bomb, and the people's case was otherwise based solely on circumstantial evidence, the failure to give a cautionary instruction is reversible error even though one was not requested. *People* v. *Durkee* (1963), 369 Mich 618; *People* v. *Eagger* (1966), 4 Mich App 449.

Defendant also contends he was sentenced under the wrong statute. Although this question may seem unnecessary to discuss because of our aforementioned ruling, we do so as the matter is remanded for trial and the trial court may be required again to face the issue.

There was no direct evidence that Rodgers was present at the scene of the bombing. Nevertheless if the jury found from the circumstantial evidence presented that he placed the bomb, the 25-year sentence of CL 1948, § 750.206 could properly be imposed. However, if the jury found that Rodgers did not place the bomb, but merely aided and abetted, he could not be sentenced to the 25-year term under CL 1948, § 750.206.

CL 1948, § 750.208 (Stat Ann 1962 Rev § 28.405) makes unlawful the aiding or abetting of a person who places an explosive with intent to destroy the

---

[1] See 3 Wigmore on Evidence (3d ed), § 1018.

property of another. This felony is punishable by a maximum of 15 years in prison. The appellee contends application of CL 1948, § 750.206 is nevertheless proper as it was sufficiently established that defendant aided and abetted the person who placed the bomb, and accessories are criminally liable as principals by force of CL 1948, § 767.39 [Stat Ann 1954 Rev § 28.979].

It is a basic rule of statutory construction that a special statute, specific in its language and enacted subsequent to its more general counterpart, constitutes an exception to the general regulation should there be a variance. See *Winter* v. *Royal Oak City Manager* (1947), 317 Mich 259, 265; *Dewey* v. *Central Car and Manufacturing Company* (1880), 42 Mich 399. CL 1948, § 750.208 specifically covers aiding and abetting in the placing of explosives and was enacted after CL 1948, § 767.39.[2] Therefore the distinction between accessory and principal is maintained as concerns the several crimes involving the placing of explosives. (CL 1948, § 750.205, *et seq.*)

Appellee points out that CL 1948, § 750.206 requires actual damage to property whereas CL 1948, § 750.208 does not. From this reading, they conclude that the latter section does not proscribe aiding and abetting in the violation of CL 1948, § 750.206, but instead makes aiding and abetting unlawful only where no damage occurs, a separate offense from that of CL 1948, § 750.206. Since damage occurred here, CL 1948, § 750.208 is not applicable. This position is untenable. Section 206 is only one part of a statutory scheme which also makes unlawful the placing of an explosive "although no damage is done,"[3] and placing where injury to person is

---

[2] CL 1948, § 767.39 was originally enacted as PA 1855, No 77, while CL 1948, § 750.208 was enacted as PA 1927, No 119, § 5.

[3] CL 1948, § 750.205 (Stat Ann 1962 Rev § 28.402).

suffered.[4] Section 208, the only section in this scheme which addresses itself to aiding and abetting, is not *expressly* limited to situations where no damage occurs; indeed, it makes no reference to the effects of the explosion. Since application of §§ 206 and 207 depends on the effect of the explosion, and § 205 makes placing unlawful "although no damage is done," a section which makes aiding and abetting in the commission of any one of these principal offenses unlawful, is reasonably worded without repetition of the distinguishing features. It is not plausible to think that § 208 was designed to single out § 205 to the exclusion of the latter's companions. If defendant's acts were limited to aiding and abetting, the liability of a principal cannot properly be imposed upon him in this case because of the specific statute.

Reversed and remanded.

All concurred.

---

[4] CL 1948, § 750.207 (Stat Ann 1962 Rev § 28.404).