## PEOPLE *v.* GONIWICHA

CRIMINAL LAW—PRE-SENTENCE REPORT—EXAMINATION BY DEFEND-
ANT—DISCRETION.

Failure of defendant's counsel to have a copy of the pre-sentence
report did not constitute error where counsel never requested
to see the report because even if a request had been made, the
granting of the request was within the sound discretion of the
trial judge.

Appeal from Oakland, James S. Thorburn, J.
Submitted Division 2 February 1, 1971, at Lansing.
(Docket No. 9491.)   Decided February 25, 1971.

Roger Ernest Goniwicha was convicted, on his
plea of guilty, of attempted possession of narcotics.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Frank R. Knox,* Assist-
ant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,*
JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 303.

Per Curiam. Originally charged with possession of narcotics, MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123), defendant, on February 6, 1971, pleaded guilty to an added count of attempted possession of narcotics, MCLA § 750.92 (Stat Ann 1962 Rev § 28-.287). He was sentenced and he appeals as of right.

Defendant contends it was error for his counsel not to have a copy of the presentence report. There is no indication in the record that a request was ever made by defense counsel to have or to see the presentence report. Additionally, if such a request had been made, the furnishing of the presentence report to defense counsel is a matter of judicial discretion. *People* v. *Malkowski* (1970), 25 Mich App 195.

The sentence imposed by the trial court was within statutory limits and there is no basis for defendant's present attack on that sentence. *People* v. *Girard* (1969), 18 Mich App 593. Defendant's present contention that he pleaded guilty under duress because he feared that his commitment under the Holmes Youthful Trainee Act[1] for a prior offense would prejudice his right to a fair trial is without merit.

Affirmed.

---

[1] MCLA § 762.11 *et seq.* (Stat Ann 1970 Cum Supp § 28.853[11] *et seq.*).