PEOPLE *v.* McFADDEN

1. ARREST—TRAFFIC VIOLATIONS—VALID DRIVER'S LICENSE.
   A police officer may arrest a person who is operating a motor vehicle and who does not have in his immediate possession a valid operator's license even though the officer is aware of the person's identity and that he is a resident of the neighborhood; the decision whether to release the traffic violator from custody with written instructions to appear in court or to retain custody pending examination is in the discretion of the police (MCLA § 257.727).

2. ARREST — TRAFFIC VIOLATIONS — SEARCHES AND SEIZURES — WEAPONS.
   A police officer can make a reasonable search of a person who has been arrested for a traffic violation for weapons which might be used in resisting arrest or effecting escape.

3. SEARCHES AND SEIZURES—PLAIN VIEW.
   Objects falling in the plain view of a police officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence.

4. CONSTITUTIONAL LAW—RIGHT TO BEAR ARMS.
   The right to bear arms is subject to the reasonable exercise of the police power.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 40, 43.
   7 Am Jur 2d, Automobiles and Highway Traffic §§ 98, 126.
   Validity and construction of statute making it a criminal offense for the operator of a motor vehicle not to carry or display his operator's license of the vehicle registration certificate.   6 ALR 3d 506.
[2, 3] 47 Am Jur, Searches and Seizures §§ 18, 19.
   Lawfulness of search of motor vehicle following arrest for traffic violation.   10 ALR3d 314.
[4] 56 Am Jur, Weapons and Firearms § 5.
[5] 21 Am Jur 2d, Criminal Law § 303.

5. CRIMINAL LAW—PRESENTENCE REPORT—EXAMINATION—DISCRE-
TION.

 The trial judge has no duty to allow either party an opportunity
 to examine a presentence report on the defendant; review of
 the presentence report rests in the sound discretion of the trial
 court.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 February 2, 1971, at Lansing. (Docket No. 8390.) Decided March 23, 1971. Leave to appeal denied July 19, 1971, 385 Mich 771.

Roscoe McFadden was convicted of carrying a concealed weapon and possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and O'HARA,\* JJ.

O'HARA, J.   From his conviction by a jury of carrying a concealed weapon, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424), and possession of drugs, MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123), defendant appeals of right.

Defendant's troubles began acorn size when he was stopped by the police for operating an automobile without headlights. Thereafter they grew to the proportions of a mighty oak. When he was unable to produce a driver's license, he was placed

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

under arrest. Pursuant to the "normal procedure" employed by Flint's police officers, defendant's person was searched for weapons. The search disclosed a revolver which the police seized. As the officers escorted defendant to the police cruiser, preparatory to taking him to the station, they observed defendant drop a small white envelope. A subsequent analysis disclosed that the envelope contained cocaine and amphetamines.

Defendant may believe, with some justification, that the police received a "windfall" at his expense. Mayhaps this is true. Such, however, is a sometime peril of carrying an illegal weapon and proscribed narcotics.

An initial allegation by defendant is that the revolver and drugs were products of an illegal search and seizure and, therefore, inadmissible in evidence.

By statutory authority, police officers may arrest one who does not have in his immediate possession a valid operator's license. MCLA § 257.727 (Stat Ann 1968 Rev § 9.2427). Even though the officers may have been aware of defendant's identity and that he was a resident of the neighborhood, whether they released him from custody with written instructions to appear in court, or whether they retained custody pending examination before a magistrate, rested in the officers' discretion. MCLA § 257.727, *supra*.

Having once decided to arrest the defendant, the officers were justified in making a reasonable search, without a warrant, for any concealed weapon which might have been used in resisting arrest or in seeking to escape. *Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685); *Preston* v. *United States* (1964), 376 US 364 (84 S Ct 881, 11 L Ed 2d 777); *People* v. *McDonald* (1968), 13 Mich

App 226; *People* v. *Panknin* (1966), 4 Mich App 19; *People* v. *Gonzales* (1959), 356 Mich 247. To preclude officers from exercising care for their own safety is to invite recurrence of tragedies which have all too frequently attended arrests for minor traffic violations.

In the case at bar the arrest was a legitimate exercise of authority vested in the officers to take into custody one operating a vehicle without a license. Nowhere is there any serious indication that the arrest was a "pretext" whereby a random search for evidence could be carried out. See *Gonzales, supra.*

The retrieved narcotics also were properly admitted by the court. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris* v. *United States* (1968), 390 US 234, 236 (88 S Ct 992, 19 L Ed 2d 1067). Also, see *People* v. *Beauregard* (1970), 21 Mich App 224.

Defendant also contends that the statute governing the licensing of concealed weapons is void for vagueness and, therefore, that his conviction pursuant to the statute is fatally defective.

The applicable statute empowers a local board to issue licenses with the following guide lines:

"No such license to carry a pistol concealed on the person or to carry a pistol, whether concealed or otherwise, in any vehicle operated or occupied by the person applying for such license, shall be granted to any person except he be 21 years of age or over, a citizen of the United States, and has resided in this state 6 months or over, and in no event shall such license be issued unless the application for the same is first approved in writing by the township supervisor, when said applicant resides in

that part of the county not included within an incorporated city or village, or by the commissioner or chief of police or marshal when the applicant resides in an incorporated city or village having an organized department of police, and unless it appears that the applicant has good reason to fear injury to his person or property, or has other proper reasons, and that he is a suitable person to be so licensed, and in no event to a person who has been convicted of a felony or confined therefor in this state or elsewhere during the 8 year period immediately preceding the date of such application or has been adjudged insane unless he has been restored to sanity and so declared by court order." MCLA § 28.426 (Stat Ann 1971 Cum Supp § 28.93).

Because of the State's legitimate interest in limiting access to weapons peculiarly suited for criminal purposes, the right to bear arms, like all other rights, is subject to the reasonable exercise of the police power. *People* v. *Brown* (1931), 253 Mich 537. Also, see *United States* v. *Miller* (1939), 307 US 174 (59 S Ct 816, 83 L Ed 1206), which approvingly cites *Brown, supra.*

Pursuant to constitutional requirements, the statute enumerates explicit criteria to guide the concealed weapon licensing board in processing applications. Thus, any suggestion that absence of standards creates a potential for arbitrary action lacks merit.

As a third assignment of error, defendant contends that the trial court permitted rebuttal argument beyond matters raised in defense counsel's closing argument. GCR 1963, 507.6. We find this allegation to be without merit. An examination of the record discloses that the prosecutor's argument did not exceed permissible limits. Even if such violation did occur, defendant has failed to demonstrate any miscarriage of justice sufficient to neces-

sitate a reversal of the judgment of conviction. *People* v. *Winegar* (1968), 380 Mich 719.

The claimed error, if any, must be viewed as harmless. GCR 1963, 529.1.

Lastly, a denial of due process is alleged to arise from failure of the trial judge to allow defendant or his counsel to review the presentence report. On previous occasions we have held that a trial judge has no duty to allow either party an opportunity to examine the presentence report. *People* v. *Malkowski* (1970), 25 Mich App 195; *People* v. *Charles Williams* (1969), 19 Mich App 544; *People* v. *Beard* (1969), 17 Mich App 409. Review of these reports rests within the sound discretion of the trial court. In the instant case the defendant has failed to demonstrate an abuse of discretion.

Affirmed.

All concurred.