PEOPLE *v.* NIELSEN

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS OF PLEA—
   PROMISES—LENIENCY.

   The trial court did not err in denying defendant's motion to
   withdraw his plea of guilty where the record shows that the
   court's finding that no promise of leniency was made was not
   clearly erroneous.

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA.

   An examination of a defendant concerning his participation in
   an offense, before acceptance of his plea of guilty, is sufficient
   if sufficient facts are shown which could allow the court to find
   that the accused might be convicted upon trial.

3. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA.

   The defendant admitted sufficient acts to permit the court to
   accept his plea of guilty of the offense of attempted possession
   of marijuana where the defendant admitted acts which amount
   to actual possession and control of the drug for a period
   of time.

4. CRIMINAL LAW—PRE-SENTENCE REPORT—EXAMINATION BY DEFEND-
   ANT—DISCRETION.

   The right of a defendant to review his pre-sentence report is
   within the discretion of the trial court.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 May 7, 1971, at Lansing. (Docket No. 8425.) Decided June 21, 1971. Leave to appeal denied, 385 Mich 782.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 503–508.
[4] 21 Am Jur 2d, Criminal Law §§ 527, 528.

Clifford Roy Nielsen was convicted, on his plea of guilty, of attempted possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Walter W. Turton*, Prosecuting Attorney, and *Peter E. Deegan*, Chief Assistant Prosecuting Attorney, for the people.

*T. Boice Purdy*, for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. Following a raid upon defendant's apartment, a number of persons were taken into custody and a substantial quantity of marijuana and other proscribed drugs were seized.

Defendant was charged in a two-count information with possession of narcotics and with attempted possession of narcotics. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123) and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

On oral argument in an impassioned plea, his present counsel of record advised the Court that defendant, while not formally engaged to his daughter, was "keeping company" with her and might become his son-in-law. He both briefed and argued the concept that a penal sentence could in nowise be expected to rehabilitate his client, but rather could only degrade him. He argued with ferver the philosophy[1] expressed in "The Crime of Punishment". He urged the court to recognize that an appellate tribunal is

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The Crime of Punishment, by Dr. Karl Menninger.

the only defense against what he characterized as trial court despotism and legislative insensitivity and unresponsiveness. He reminded us that our national flag stands for more than "a striped barber pole."[2]

Conceding, *arguendo,* that our present penology is unsound and often more detrimental than beneficial, that the legislatively established sentence for the charged offense is disproportionate to its social evil, if any, we cannot judicially recreate a society more reflective of counsel's concept of enlightenment.

We are a government of separated powers. If our system is to be changed, it cannot be changed by judicial *fiat.* We must of necessity address ourselves to the *legal* issues here involved, leaving the theological, philosophical, sociological, penological disputes to other fora. As the French proverb with Gallic incisiveness reminds us, *"Revenons a nos moutons".*[3]

Accompanied by his first counsel, Justin Ravitz, a particularly vigorous defense advocate, defendant appeared at the arraignment on the information and expressed a desire to plead guilty to attempted possession of marijuana. Prior to accepting the plea of defendant, the trial judge informed him of his rights and examined defendant concerning the elements of the offense charged and his complicity therein. Defendant was, upon the entry of his plea, referred to the probation department for a presentence investigation.

At the sentencing, Mr. Ravitz and the mother of defendant made a plea for leniency. After a sentence of 4–1/2 to 5 years in prison was imposed, de-

---

[2] A reference, we presume, to his client's coiffural preference. Defendant was present in court for oral argument and "presented" by his counsel to the panel.

[3] Literally, "Let us return to our sheep."

fense counsel requested to see the presentence report. While this request was denied, the trial court did accede to the request of Mr. Ravitz that he be granted an opportunity to present additional evidence and argument on the propriety of the sentence.

An extensive hearing was held on the motion to reconsider the severity of the sentence imposed. At that hearing, defendant testified and was carefully questioned by the court. Defendant indicated that he had experimented with other drugs and had on occasion purchased drugs for resale to friends, although not for profit.

He admitted that he had known of the presence of the marijuana in the apartment; that the premises were under his control; and that he had helped divide it up. The motion was denied.

Thereafter, defendant retained his present counsel and he again moved to withdraw his client's guilty plea and to grant a new trial. At the hearing on that motion, defendant again alleged that he was induced to plead guilty by the representations of his prior attorney, Mr. Ravitz, that if he so pled, there "would be a better chance for probation, and if there was a sentence [it would be] not more than around eighteen months". The trial court denied the motion to withdraw defendant's plea. There is little point in discussing decisionally again the limitations upon the withdrawing of a plea of guilty or the trial judge's factual determination that it was not induced by Mr. Ravitz's alleged "promise".

At the arraignment, prior to the acceptance of the guilty plea, the accused was examined concerning the voluntariness of his plea and whether any inducements had been offered. Mr. Ravitz, at the hearing on defendant's plea for a reduction of sen-

tence, also emphasized the absence of any promises and that the defendant did not intend to challenge the plea. The defendant was also accorded a testimonial hearing on the question of alleged promises with reference to his guilty plea.

After a review of the record, and giving due regard to the special opportunity of the trial court to assess the credibility of witnesses, we cannot say that its finding that no promises were made is clearly erroneous. *People* v. *Gray* (1970), 29 Mich App 301. We find no error in the trial judge denying defendant's motion to withdraw his guilty plea.

The next issue is whether the facts related by defendant, when entering his guilty plea, constituted a sufficient basis for the court to determine that a crime had been committed by the defendant.

As far as the examination of defendant concerncerning his participation in the offense, what is required is that sufficient facts be shown which could allow the court to find that the accused might be convicted upon trial. *People v. Bartlett* (1969), 17 Mich App 205. While the examination of defendant by the court cannot be characterized as lengthy, the test is not whether a more extensive inquiry might have been better, but whether the interrogation conducted was sufficient. Since the record unequivocally shows that the defendant admitted to acts which amount to actual possession and control of the drug for a period of time, the trial court could properly accept the plea.

Finally, defendant alleges that the trial court committed reversible error by denying counsel access to the presentence report. Granting such access is discretionary. See *People* v. *Beard* (1969), 17 Mich App 409, 410; *People* v. *Goniwicha* (1971), 31 Mich App 175; *People* v. *McFadden* (1971), 31 Mich App 512. We can find no basis for holding that, under

the law as it is at present, the trial judge abused his discretion in refusing counsel access to it. We note, however, that the question of the availability of the presentence report to defense counsel *of right* impends before the Supreme Court by its grant of leave to appeal in *People* v. *Malkowski* (1970), 383 Mich 818.[4]

We have reviewed the record with care. We find no error upon which reversal can be predicated. The judgment of conviction entered upon the defendant's plea of guilty is affirmed.

McGREGOR, P. J., concurred.

BRONSON, J. (*concurring*). I concur in the result reached by the majority in the instant case. My views regarding certain aspects of marijuana prosecutions under our present statutory scheme have been expressed elsewhere. *People* v. *Sinclair* (1971), 30 Mich App 473 (BRONSON, J., *concurring*); *People* v. *Bruinsma* (1971), 34 Mich App 635.

---

[4] See *People* v. *Malkowski* (1971), 385 Mich 244, decided July 7, 1971.