PEOPLE v HARRIS

1. STATUTES—SPECIFIC STATUTES—GENERAL STATUTES—VARIANCES.

   A statute specific in its language and enacted subsequent to its more general counterpart controls should there be a variance.

2. EVIDENCE—CRIMINAL LAW—HANDWRITING SPECIMENS—POST-ARREST SPECIMENS—STATUTES.

   The admission of handwriting specimens obtained after the arrest of the person giving the specimens is not prevented either by the statute governing proof of the signature or handwriting of any person as evidence in any case or by the statute governing the admission into evidence of handwriting specimens in criminal proceedings (MCLA 600.2144, 768.25; MSA 27A.2144, 28.1048).

Appeal from Midland, James R. Rood, J. Submitted May 6, 1976, at Lansing. (Docket No. 25594.) Decided June 15, 1976.

Rose Marie Harris was charged with the offense of receiving and concealing stolen property with a value of more than one hundred dollars. Defendant's motion to suppress evidence was granted. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Gerald L. White,* Assistant Prosecuting Attorney, for the people.

*Bower & Rogers,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 39, 199, 214–216.
[2] 29 Am Jur 2d, Evidence § 806 *et seq.*

Before: QUINN, P. J., AND D. E. HOLBROOK and
BEASLEY, JJ.

QUINN, P. J. On leave granted, the people appeal
from an order suppressing defendant's handwrit-
ing specimens obtained after her arrest. Although
the people raise four issues on appeal, only one of
those issues is controverted. We address only the
controverted issue which may be succinctly stated:

In a criminal case does MCLA 600.2144; MSA
27A.2144 prevent the admission in evidence of hand-
writing specimens obtained after the arrest of the per-
son giving those specimens?

The trial judge said yes. We say no.

MCLA 600.2144; MSA 27A.2144 is the successor
of 1915 CL 12539 and it is a general statute.
MCLA 768.25; MSA 28.1048 was originally passed
as part of 1927 PA 175. It is a later act and it
specifically applies to criminal cases. The later,
specific act controls, *People v Rodgers,* 18 Mich
App 37; 170 NW2d 493 (1969).

MCLA 768.25; MSA 28.1048 governs admission
of handwriting specimens in criminal proceedings,
*People v Jamerson,* 14 Mich App 253; 165 NW2d
480 (1968). The fact that the specimens here in-
volved were obtained after defendant's arrest does
not offend that statute.

Reversed and remanded.