## PEOPLE v PETRAC

Docket No. 78-1094. Submitted November 3, 1978, at Lansing.—Decided March 20, 1979.

Paul J. Petrac was charged with receiving and concealing stolen property over $100. At the preliminary examination, a prosecution motion to compel the defendant to submit handwriting exemplars was granted. The defendant was granted leave to appeal to Oakland Circuit Court which reversed the district court order, William J. Beer, J. The people appeal by leave granted. *Held:*

Compelling the defendant to provide a handwriting exemplar which is non-communicative in nature and is used solely for comparison purposes violates neither the defendant's Fifth Amendment privilege against self-incrimination nor any provision of Michigan law.

Reversed. The circuit court order is vacated.

1. CRIMINAL LAW — EVIDENCE — HANDWRITING EXEMPLARS — CONSTITUTIONAL LAW.

Compelling a criminal defendant to provide a handwriting exemplar which is non-communicative in nature and to be used for comparison purposes is not a violation of the defendant's Fifth Amendment privilege against self-incrimination (US Const, Am V).

2. CRIMINAL LAW — EVIDENCE — HANDWRITING EXEMPLARS — STATUTES.

The admission into evidence of handwriting specimens in criminal proceedings is controlled by a provision of the code of criminal procedure, which allows such admission for the purpose of comparison (MCL 768.25; MSA 28.1048).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 362.
   29 Am Jur 2d, Evidence § 811.
[2] 21 Am Jur 2d, Criminal Law § 362.
   Mode and degree of proof required to establish genuineness of handwriting offered as standard or exempler for comparison with a disputed writing or signature. 41 ALR2d 575.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *James C. Mitchell,* Assistant Prosecuting Attorney, for the people.

*Seymour Berger,* for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. A warrant was issued charging defendant with receiving and concealing stolen property of over $100, MCL 750.535; MSA 28.803. At preliminary examination, the prosecution moved to compel defendant to submit handwriting exemplars, which motion the district judge granted. Defendant applied for and was granted leave to appeal by the Oakland County Circuit Court. After reviewing briefs submitted by both parties, the circuit court reversed the district court order. From the circuit court ruling the people appeal by leave granted.

Defendant had contended, in circuit court, that a defendant cannot be compelled to give handwriting exemplars under Michigan law based upon holdings in *People v Sturman,* 209 Mich 284; 176 NW 397 (1920), and *People v Smogoleski,* 14 Mich App 695; 166 NW2d 14 (1968).

The United States Supreme Court in *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967), held that the taking of exemplars was not a critical stage of the criminal proceedings entitling petitioner to assistance of counsel, and that the taking of exemplars does not violate the Fifth Amendment privilege against self-incrimination. The Supreme Court provided further guidance regarding handwriting exemplars in *United States v Mara,* 410 US 19; 93 S Ct 774; 35 L Ed 2d

99 (1973). There they indicated that "the specific and narrowly drawn directive requiring the witness to furnish a specimen of his handwriting* violated no legitimate Fourth Amendment interest." *Mara, supra* at 22. The asterisk in this quote referred to a footnote which further explained defendant's Fifth Amendment privileges. This footnote states in part:

"But the Government's petition for the order to compel production stated: 'Such exemplars will be used *solely as a standard of comparison in order to determine* whether the witness is the author of certain writings.' If the Government should seek more than the physical characteristics of the witness' handwriting—if, for example, it should seek to obtain written answers to incriminating questions or a signature on an incriminating statement—then, of course, the witness could assert his Fifth Amendment privilege against compulsory self-incrimination." *Mara, supra* at 22.

*Gilbert* and *Mara* clearly indicate that there is no violation of a defendant's Fifth Amendment privilege against self-incrimination when he is compelled to provide a handwriting exemplar to be used for comparison purposes.

Though the law is clear that the United States Constitution does not prohibit the requiring of handwriting exemplars, defendant's position is that Michigan law forbids compelling of handwriting exemplars. Indeed, a cursory reading of *Sturman* would tend to support this contention. There the Michigan Supreme Court, after citing 1915 CL 12539, which was a predecessor statute to MCL 600.2144; MSA 27A.2144, stated in dicta that:

"Quite likely it would have been error to compel the witness, against objection, to make the signatures he did." *Sturman, supra* at 289.

MCL 600.2144; MSA 27A.2144 concerns admission into evidence of the handwriting of any person. It states:

"Whenever in any suit or proceeding in any of the courts of this state, it shall be necessary or proper to prove the signature or the handwriting of any person, it shall be competent to introduce in evidence for the purpose of comparison, any specimen or specimens of the handwriting or signature of such person, admitted or proved to the satisfaction of the court to be genuine, whether or not the paper on which such handwriting or signature appears is one admissible in evidence or connected with the case or not. If such paper is not one admissible in evidence for some other purpose, or connected with the case, it shall not be admissible in evidence for the purpose of comparison unless it was made before the controversy arose concerning which such suit or proceeding was brought."

It is clear that in 1920 when the Michigan Supreme Court decided *Sturman* a handwriting exemplar of the type involved in this case was not admissible under the predecessor statute to MCL 600.2144; MSA 27A.2144. While it is true that MCL 600.2144; MSA 27A.2144 remains in force, essentially in the same form as it was in 1920, it does not alone state the law in this area. In 1927, MCL 768.25; MSA 28.1048 was enacted. This section states:

"Whenever in the trial of any criminal case it shall be necessary or proper to prove the signature of any person, it shall be competent to introduce in evidence for the purpose of comparison, any specimen or specimens of the handwriting or signature of such person, admitted or proved to the satisfaction of the court to be genuine, whether or not the paper on which such handwriting or signature appears is one in evidence or connected with the case or not."

It is this statute, rather than MCL 600.2144; MSA 27A.2144, that governs admission of handwriting specimens in criminal proceedings. The fact that specimens of handwriting were obtained after defendant's arrest does not offend that statute. *People v Harris,* 69 Mich App 505, 506; 245 NW2d 110 (1976). The enactment of MCL 768.25; MSA 28.1048 necessarily limits the applicability of *Sturman* to civil cases. Defendant's reliance on *Smogoleski* is similarly misplaced. The Court in that case indicated:

"Defendant for the first time on appeal raises the question of the prohibition provided in CLS 1961, § 600.2144 (Stat Ann 1962 Rev § 27A.2144) against using a sample signature created after the controversy concerning which the criminal proceedings were brought. It appears that, although objection was made to admission of the evidence, it was predicated on a violation of Fifth and Sixth Amendment privileges and not as a violation of the statute. This Court need not pass on the controversy as to whether the aforementioned section of the revised judicature act of 1963 applies only to civil matters. *People v Sturman* (1920), 209 Mich 284, indicates that the signatures may not be compelled, but may be used if voluntarily given. No objection was made either in *Sturman* or in the instant case predicated on this statute. *Sturman* holds that by not interposing an objection based on this statute to have the paper containing the picture excluded for comparison purposes, a defendant waives the benefit of same.

"Defendant's conviction is affirmed." *Smogoleski, supra* at 700-701.

The Court clearly held that because the statute had not been brought into play, *Gilbert v California, supra,* permitted the handwriting exemplar to be introduced into evidence and affirmed defendant's conviction. Thus, in light of *Harris, Smo-*

*goleski,* rather than supporting defendant's position, must be interpreted as sustaining the people's position.

We find the handwriting exemplar requested by the people to be non-communicative in nature and that this compulsion does not violate the Fifth Amendment. *Holt v United States,* 218 US 245; 31 S Ct 2; 54 L Ed 1021 (1910), *Schmerber v California,* 384 US 757; 86 S Ct 1826; 16 L Ed 2d 908 (1966). Additionally, there is no provision in Michigan law which prohibits a criminal defendant from being required to submit handwriting exemplars.

The circuit court's order reversing and setting aside the order of the district court is vacated. The people may require defendant to submit handwriting exemplars as ordered by the district court.

Reversed.