PEOPLE *v.* CONNOR.

1. CRIMINAL LAW—CROSS-EXAMINATION OF RES GESTAE WITNESSES.
   Cross-examination of people's 2 *res gestae* witnesses by defense counsel in trial of defendant for burglary *held*, not to have been improperly restricted, where claim of error was based on questions not asked or because defendant was not permitted to show the realtionship between one of the *res gestae* witnesses and the wife of the other *res gestae* witness.

2. SAME—CROSS-EXAMINATION OF RES GESTAE WITNESS.
   Cross-examination of *res gestae* witnesses in prosecution for burglary *held*, not to have been unduly restricted, where defense counsel did elicit an answer to the question as to whether the witness who had participated in the burglary involved and others had expected lenient treatment by telling the police that defendant was with them, where one of the witnesses answered that he had been told that he would not be prosecuted.

3. BURGLARY—RES GESTAE WITNESSES.
   It was not prejudicial error for trial court to permit prosecuting attorney to elicit from a *res gestae* witness in prosecution for burglary, information as to the taking of a safe from defendant's home by such witness and from another witness the fact that such safe and another one had been found in a creek, where one of the safes was involved in burglary with which defendant was charged, the subject of safes having been first brought to the attention of the jury by defense counsel's questioning about subsequent burglaries with which defendant had not been charged (CL 1948, § 750.110).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 623.
[2] 58 Am Jur, Witnesses § 868.
[3] 53 Am Jur, Trial § 97.
[5] 3 Am Jur, Appeal and Error § 876.
[7] 58 Am Jur, Witnesses § 621.
[8] 58 Am Jur, Witnesses § 609 *et seq.*
[9] 3 Am Jur, Appeal and Error § 979.

4. CRIMINAL LAW—DROPPING OF CHARGES AGAINST RES GESTAE WITNESSES ON PROBATION—CUSTOMS AND USAGES—EVIDENCE.

Testimony as to custom of dropping all charges against a defendant on probation *held*, not error in prosecution for burglary, where charges were dropped against 2 *res gestae* witnesses who were on probation at time of commission of burglary with which defendant was charged and in which they had participated, no promises having been shown to have been made to the witnesses for their testimony implicating defendant.

5. SAME—COMMENTS OF TRIAL JUDGE—PREJUDICE.

Prejudicial error in prosecution for burglary *held*, not to have been committed by comments of the trial judge and arguments of the prosecuting attorney, where record discloses that many of the comments of the trial judge were occasioned by questions asked by defense counsel.

6. SAME—RES GESTAE WITNESSES—EXCLUSION OF RECORDS.

Exclusion of municipal court records as to prosecution of one of the *res gestae* witnesses in prosecution of defendant for burglary *held*, not error, where the jury received the benefit of the contents of the file involved by virtue of the court's statement as to what was in it.

7. WITNESSES—EXAMINATION—CROSS-EXAMINATION—DISCRETION OF COURT.

The extent of the examination and cross-examination of a witness is within the sound discretion of the trial court.

8. CRIMINAL LAW—EXAMINATION OF DEFENSE WITNESS—DISCRETION OF COURT.

Trial court in prosecution for burglary *held*, not to have abused his discretion in curtailing examination of defense witness, a brother of defendant; relative to his arrest and conviction for unlawfully driving away an automobile some 10 years theretofore, since it involved a separate crime.

9. BURGLARY—SENTENCE—SUPREME COURT.

Imposition of minimum term of 8 years in sentence for burglary, which is within the penalty imposable by statute, may not be altered or changed by the Supreme Court (CL 1948, § 750.110).

Appeal from Bay; Louis (David R.), J. Submitted April 11, 1957. (Docket No. 45, Calendar No. 46,932.) Decided June 3, 1957.

Lawrence Connor was convicted of breaking and entering in the nighttime with intent to commit larceny.    Affirmed.

*Thomas M. Kavanagh*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Ira W. Butterfield*, Prosecuting Attorney, *James Scott Wood*, Assistant Prosecuting Attorney, for the people.

*Charles C. Legatz*, for defendant.

Sharpe, J.    The information filed in the circuit court for Bay county in this case charged the defendant with breaking and entering the I.G.A. grocery store located at 102 State street, Bay City, Michigan, on March 4, 1954, with intent to commit larceny therein.    Upon trial defendant was convicted and sentenced for a term of not less than 8 years.    Upon leave being granted defendant appeals.

During the trial 2 *res gestae* witnesses, Donald Stanik and Leonard Fracowiak, testified and admitted their guilt in connection with the crime.    It appears that on March 4, 1954, Donald Stanik was on probation for a burglary he was convicted of in Saginaw county in 1952.    He also admitted the commission of 2 other burglaries in Bay City and Kawkawlin after the I.G.A. burglary.    Leonard Fracowiak also participated in the I.G.A. burglary and so testified.    He also participated with Stanik in the 2 additional burglaries.    Neither of these witnesses were prosecuted for the 2 burglaries committed subsequent to the I.G.A. burglary.

Both of these witnesses testified that they broke into the I.G.A. store and carried the safe outside where they received help from defendant, Lawrence Connor, in putting it into the trunk of Connor's automobile.

In appealing defendant urges that the trial court improperly restricted defense counsel in his cross-

examination of witnesses Stanik, Fracowiak and Sergeant Aldrich. The gist of this complaint is that the trial court refused to permit defendant's counsel to show the interest and bias of the named witnesses. As an example, defense counsel sought to show why the people's witness Stanik did not testify to certain incidents upon the preliminary examination. His answer was that he was not asked the question. Defendant also states that he was not permitted to show the relationship between the 2 *res gestae* witnesses. Defendant was only restricted from showing the relationship of 1 of the *res gestae* witnesses to the wife of the other *res gestae* witness. There was no error in the ruling of the trial court. Defendant also complains because the trial court excluded a question as to whether a witness "expected to be leniently treated." The following took place during the trial:

"*Q*. You expected to be leniently treated, did you not, if you cooperated by telling the police that Connor was with you?

"*A*. Well, I expected to be sent back to Saginaw.

"*Mr. Legatz:* I move that that be stricken out. That isn't responsive.

"*Q*. You expected to be leniently treated—

"*The Court* (interposing): Well, what do you mean by leniently treated, Mr. Legatz? That's not a specific question, I don't believe. One person might term something leniency and another might not.

"*Mr. Legatz:* Well, let's see, your Honor, if the witness understands it, and if he said he doesn't know what I mean, then we'll—

"*The Court* (interposing): I think it is the Court's duty to interrupt when a question is asked which is not a clear question, and in my opinion that is not a clear question.

"*Q*. Well, didn't you expect some consideration or something, some favor, some consideration so far as the penalties for your offenses were concerned if

you told the police that Connor was involved in this burglary, didn't you expect something like that?

*  *  *

"*Q*. I asked you if you expected consideration, failure to prosecute, or any leniency in connection with the 3 burglaries you committed, did you expect that?

"*A*. Well, you say failure to prosecute?

"*Q*. Did you? Yes.

"*A*. I expected it because they told me that they would file a *nolle pros.*"

It clearly appears that the witness answered the question asked. There is no basis for an error on this colloquy. We do not find that defense counsel was unduly restricted in his cross-examination of the *res gestae* witnesses.

It is also urged that the trial court erred in permitting the prosecuting attorney to elicit from Stanik the information relative to taking a safe to defendant's home by Stanik and Fracowiak, and, also, allowing the prosecuting attorney to elicit from another people's witness the fact that a frogman hired to locate the safe brought up 2 safes from the creek. In discussing this issue we have in mind that defendant was not charged with participating in the 2 subsequent robberies and the evidence shows that he was not present when these 2 robberies were committed. The record shows the following:

"Trojanowicz, Chester, called as a witness on behalf of the people, testified as follows:

"*Direct Examination*

"*By Mr. Wood:*

"Prior to a statement by Donald Stanik, I did not know where the safe taken in this prosecution was located. He admitted his guilt. He took me and Sergeant Aldrich to the spot where the safe was supposed to be. Prior to raising the safe, I con-

tacted a frogman.  He went down in the water of the creek.

"*Q.* And what was the result?

"*A.* He brought out 2 safes.

"*Q.* And I ask you, lieutenant, to look at people's exhibit No 1 and ask you if that is one of the safes that was—

"*A.* Yes, that's one of the safes that was taken out."

It should be noted that the subject of safes was first brought to the attention of the jury by defense counsel's questioning about subsequent burglaries. Moreover, defendant was not charged with any robbery of another safe.  We fail to find any prejudicial error on this issue.

It is also urged that the court was in error in permitting people's witness Aldrich over defendant's objection, to testify to a custom of dropping all charges against a defendant on probation.  The record shows that Stanik had participated in 3 burglaries.  No complaints were filed against him for 2 of these burglaries.  A complaint was filed against Fracowiak for only the I.G.A. burglary.  Witness Aldrich testified that a defendant who is on probation is returned to the probation department and not prosecuted on new charges.  It is. urged that the police and prosecutor approved dropping the charges against Stanik and Fracowiak in return for their testimony against defendant.  Witness Aldrich stated that it was customary to drop charges in such cases.  The record fails to show that any promises were made to these witnesses for their testimony, moreover, it is customary procedure.  We find no error in the evidence so given.

It is also urged that the comments of the trial judge and the. arguments of the prosecuting attorney deprived the defendant of a fair trial.  We have examined the record carefully and find that many of

the comments of the trial judge were occasioned by the questions asked by defense counsel. The record does not sustain the claim of prejudicial error.

It is next urged that the court erred in excluding the records of the municipal court from the jury. Counsel for the defense subpoenaed the file in the case of People v. Stanik from municipal court. When this exhibit was offered in evidence the court stated:

"*The Court:* There isn't anything there that's admissible in this court that adds anything to the circumstances surrounding this Holsinger matter that isn't already in this file so exemplified by the return of the municipal court, signed by the municipal judge, and the original complaint and warrant, so I'll sustain the objection. * * *

"*The Court* (interposing): Well, let's open the file and find out what's in it, then if you don't agree to it— For the record, the court is opening the file of the municipal court in the case of Donald Stanik, No 11260. There appears in the file an authorization of the prosecuting attorney dated April 12th, directed to Leon Dardas, municipal judge, authorizing a warrant for the arrest of Donald Stanik on the complaint of Paul Holsinger upon a charge of B & E in the nighttime. Signed by Marian M. Manary, assistant prosecuting attorney for the county of Bay. Is this in the municipal judge's hand, Sergeant?

"*A.* It is, sir."

While the file was not admitted in evidence, the trial court stated what was in the file and the jury received the benefit of the contents of the file. There is no merit to this objection.

It is further urged that the trial court was in error in its refusal to permit Terrence Connor, defendant's witness, to explain a conviction of a crime. Terrence Connor is a brother of defendant. He testified that he had been arrested and convicted of unlawfully driving away an automobile. He testified:

"I am 27 years old now and in 1945, I was 17 years old at the time. I don't know whose car it was we drove away, we had thought it was a friend of ours.

"Q. Well, how did you happen to think that?

"A. (Interposing): It was a 19— I can remember this because I can remember the friend of mine's car, it was a 1938 green Ford and we had been in the habit of borrowing this fellow's car with his permission, and there were several of us who did it, not just myself, but a couple of other kids that we ran around with, and he worked nights, and as we went by the car we said, 'Well—'

"Mr. Wood (interposing): Your Honor, I would object to any further enunciation on this. We're trying a separate crime. The man has stated that he has been tried and convicted of the offense.

"The Court: Sustained."

It is stated by defense counsel that he wanted to show that this was the only conviction the witness ever had. It is a rule that the extent of the examination and cross-examination of a witness is within the sound discretion of the trial court. We find no abuse of that discretion in the instant case.

It is also urged that the court abused its discretion in sentencing defendant to a minimum of 8 years. The sentence imposed is within the penalty imposed by statute.* In such cases the Supreme Court is without power to alter or change a sentence. We have carefully reviewed all of the claims made by defendant and do not find any prejudicial error.

The judgment of conviction is affirmed.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.

---

* See CL 1948, § 750.110 (Stat Ann § 28.305).—REPORTER.