PEOPLE *v.* BEARD

1. CRIMINAL LAW—SENTENCE—PROBATION REPORT—EXAMINATION BY DEFENDANT.

  Trial courts do not have a statutory obligation to provide criminal defendants with copies of probation reports and may properly impose sentence without giving defendant or his counsel opportunity to review the report and present witnesses to show errors in it (CL 1948, § 769.8).

2. CRIMINAL LAW—SENTENCE—PROBATION REPORT—EXAMINATION BY DEFENDANT.

  Failure to permit defendant, convicted of robbery armed, an opportunity to examine probation report at the time defendant was sentenced, *held,* not error, where record discloses that neither defendant nor counsel requested to see the report and that they were given ample opportunity to say anything which would be considered in defendant's favor before sentence was passed.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 May 6, 1969, at Lansing. (Docket No. 6,054.)   Decided May 27, 1969.

Ladell Beard was convicted, on his plea of guilty, of robbery.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law §§ 564, 568.

*William Hayes,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DAN-HOF, JJ.

PER CURIAM. Defendant pleaded guilty to the charge of robbery armed, CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797), and was sentenced to 25 to 35 years in prison.

Defendant raises one issue on this appeal. He contends that the trial judge did not conform to the requirements of CL 1948, § 769.8 (Stat Ann 1954 Rev § 28.1080), at the time of passing sentence in that he did not make the county probation department report available to the defendant or his counsel.

CL 1948, § 769.8, *supra,* places no affirmative duty on the trial judge to furnish the defendant with a copy of the probation report. It is not error for the court to impose final sentence without giving defendant and his counsel opportunity to review the report and present witnesses to show errors in it. *People* v. *Camak* (1967), 5 Mich App 655.

In addition, review of the sentencing transcript reveals that at no time during the proceeding did defendant or his counsel request an opportunity to see the probation report. The record further indicates that defendant and his counsel were given ample opportunity to say anything which could be considered in defendant's favor before sentence was passed.

Affirmed.