PEOPLE *v.* MALKOWSKI

CRIMINAL LAW—PRE-SENTENCE REPORT—EXAMINATION BY DEFEND-
ANT—DISCRETION.

A defendant does not have the right to review a pre-sentence
report but such a review is within the sound discretion of the
trial court.

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted Division 1 May 5, 1970, at Detroit. (Docket
No. 7,801.) Decided July 1, 1970. Leave to appeal
granted August 18, 1970 for review of limited issue.
383 Mich 818.

Lee Richard Malkowski, also known as Lee
Richard De Cair, was convicted, on his plea of guilty,
of unlawfully driving away an automobile. Defend-
ant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Arthur N. Bishop,* As-
sistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid
and Defender Association of Detroit), for defendant
on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 527.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendant, while represented by counsel, pleaded guilty, on April 8, 1969, to an added count of unlawfully driving away an automobile. MCLA § 750.413 (Stat Ann 1954 Rev § 28.645). On April 10, 1969, he was sentenced to a term of two to five years imprisonment by Judge Thomas Roumell of the Wayne County Circuit Court. A timely claim of appeal has been filed by appointed appellate counsel raising two issues.

First, it is contended that the lower court failed to comply with the requirements of GCR 1963, 785.3(2). Specifically, the record fails to demonstrate that the vehicle involved was one which belonged to another. Secondly, it is contended that the court erred in failing to allow defendant's counsel to examine the presentence report.

The people have filed a motion to affirm the conviction and sentence.

As to the first issue, a review of the record does indicate that the trial court complied with the requirements of GCR 1963, 785.3(2) and therefore the defense's argument is without merit. As to the second, this Court has ruled before on the availability of review of presentence reports. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Beard* (1969), 17 Mich App 409; *People* v. *Charles Williams* (1969), 19 Mich App 544. Review of those reports is not of right, but within the sound discretion of the trial court. Defendant has not shown an abuse of that discretion in the instant case.

For the reasons stated above, we grant the motion to affirm.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.