### PEOPLE *v.* MALKOWSKI
#### OPINION OF THE COURT

1. CRIMINAL LAW—PRESENTENCE REPORTS—CONFIDENTIALITY—STAT-
   UTES.
   > A requirement of confidentiality does not appear on the face
   > of the statute authorizing presentence reports (MCLA § 711-
   > .14).

2. CRIMINAL LAW—PRESENTENCE REPORTS—JUDICIAL NOTICE.
   > Judicial notice is taken of the fact that the practice with
   > regard to presentence reports among the trial judges of Mich-
   > igan is not uniform; some allow counsel to examine the report
   > as a matter of course, other judges, upon request, will permit
   > or deny access to the report depending upon the facts and
   > circumstances in a particular case; while still other judges,
   > as a matter of fixed policy, always deny access to the reports.

3. CRIMINAL LAW—SENTENCING—CRITICAL STAGE OF PROCEEDINGS.
   > The sentencing of a defendant who has been convicted, or has
   > pled guilty to a crime, is a critical stage in the proceedings
   > for him.

4. CRIMINAL LAW—SENTENCES—APPEAL AND ERROR.
   > The trial judge, and the trial judge alone, makes the decision
   > as to what a convicted defendant's sentence shall be and the
   > length of sentence is not subject to review if within the limits
   > of the lawful penalty (MCLA § 769.24).

5. CRIMINAL LAW—SENTENCES—PLEA OF GUILTY.
   > It is vitally important to the defendant and to the ends of
   > justice that the sentence be based on accurate information
   > and, as the great majority of defendants plead guilty, for

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6, 7] 21 Am Jur 2d, Criminal Law § 303.
[3] 29 Am Jur 2d, Evidence § 555 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 861.
[5] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

them probation or determination of the length of time they will be in prison are the only significant decisions to be made by the judge.

6. CRIMINAL LAW—PRESENTENCE REPORTS.

Trial judge's denial of an opportunity for defendant's attorney to see the presentence report before and at the sentencing of defendant and to present additional facts and recommendations on two controversial items was not so prejudicial as to result in a miscarriage of justice, where those items were whether the word "claims" as used in the report in stating that defendant "claims" to have completed a certain grade in school carries an unfair imputation and that the police were opposed to leniency (MCLA § 769.26).

CONCURRING OPINION

BLACK, J.

7. CRIMINAL LAW—PRESENTENCE REPORTS—REVIEW OF PRESENTENCE REPORT—DISCRETION.

*Review of presentence reports is not of right but within the sound discretion of the trial court and defendant failed to show an abuse of that discretion.*

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and J. H. Gillis and O'Hara, JJ., affirming Wayne, Thomas Roumell, J. Submitted May 5, 1971. (No. 20 April Term 1971, Docket No. 52,941.) Decided July 7, 1971.

25 Mich App 195 affirmed.

Lee Richard Malkowski, also known as Lee Richard De Cair, was convicted, on his plea of guilty, of unlawfully driving away an automobile. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow (Defenders' Office—Legal Aid and Defender Association of Detroit),* for defendant on appeal.

ADAMS, J. Defendant Lee Malkowski pled guilty to unlawfully driving away an automobile on April 8, 1969. Two days later he was sentenced to from two to five years in prison. Defendant's attorney asked to see the presentence report before sentencing and again at the sentencing. The trial judge, in denying the request to see the report, commented that " * * * the statute which authorizes these reports also requires the confidentiality of these reports for the purposes that they are prepared and used and delivered to the court in connection with the sentences." A requirement of confidentiality does not appear on the face of the statute authorizing presentence reports. (MCLA § 771.14 [Stat Ann 1954 Rev § 28.1144]).[1]

Defendant appealed. The Court of Appeals affirmed. (25 Mich App 195.) We granted leave to appeal "limited to the sole issue of failing to allow defendant's counsel to examine the presentence report." (383 Mich 818.)

Defendant argues that if the right to counsel at sentencing is to have any value, counsel must be

---

[1] MCLA § 791.229 (Stat Ann 1954 Rev § 28.2299), provides that reports of investigations by probation officers are "declared to be privileged or confidential communications not open to public inspection." In addition to providing for access by judges, probation officers and law enforcement agencies, the statute concludes by stating: "The legislative intent is that the relation of confidence between the probation officer and probationer or defendant under investigation shall remain inviolate." In view of the legislative intent, this provision should not be construed to deny access by either a defendant or his attorney to presentence reports.

able to see the presentence report and correct any mistakes in it. *Gadsden* v. *United States* (1955), 96 App DC 162, 165; (223 F2d 627, 630); *People* v. *Dye* (1967), 6 Mich App 217, 219.

The people argue that, in the absence of a statute granting defense counsel access to presentencing reports, such access is discretionary with the trial judge and this should continue to be the case because such reports frequently contain confidential psychiatric evaluations, or other material which, if seen by defendant, might adversely affect his rehabilitation.

We take judicial notice of the fact that the practice with regard to presentence reports among the trial judges of this state is not uniform. Some judges allow counsel to examine the report as a matter of course; other judges, upon request, will permit or deny access to the report depending upon the facts and circumstances in a particular case; while still other judges, as a matter of fixed policy, always deny access to the report.

The sentencing of a defendant who has been convicted, or has pled guilty to a crime, is a critical stage in the proceedings for him. *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336); *People* v. *Dye* (1967), 6 Mich App 217. The trial judge, and the trial judge alone, makes the decision as to what his sentence shall be. The length of sentence is not subject to review if within the limits of the lawful penalty. (MCLA § 769.24 [Stat Ann 1954 Rev § 28.1094].)[2]

In *Cummins* v. *The People* (1879), 42 Mich 142, 144, this Court commented upon the restricted scope of review:

---

[2] *Standards Relating to Appellate Review of Sentence (Approved Draft 1968),* American Bar Association Project on *Minimum Standards for Criminal Justice,* recommends that review of sentences should be available on the same basis as review of conviction.

"The sentence was not in excess of that permitted by statute, and when within the statute, this court has no supervisory control over the punishment that shall be inflicted. The statute gives a wide discretionary power to the trial court upon the supposition that it will be judicially exercised in view of all the facts and circumstances appearing on the trial."

See also: *People* v. *Kelly* (1894), 99 Mich 82, 86; *People* v. *Connor* (1957), 348 Mich 456, 463; and *Lane* v. *Department of Corrections, Parole Board* (1970), 383 Mich 50, 60, 61.

The problems which arise out of sentencing have been a matter of concern by this Court over the past several years.[3]

Numerous legal articles have dealt specifically with the problem of a defendant's access to presentence reports.[4]

---

[3] The annual Michigan Judicial Conference sponsored by this Court has held the following programs dealing with sentencing policies:

1970: Acceptance of Plea and Sentencing Procedures (Panel Discussion);

1969: Problems in Sentencing—Disparity of Sentencing—Report on Survey of Judges' Sentencing (Hon. Blair Moody, Jr., Circuit Court Judge);

1968: Counsel for Indigent Defendants and Pleas, Sentencing and Insanity Procedures (Panel Discussion);

1965: Sentencing and Post-Sentencing Procedures (Address by Hon. J. Skelly Wright, Judge, United States Court of Appeals for the District of Columbia, and Panel Discussion);

1961: Techniques of Sentencing—A Demonstration (Panel Discussion);

1959: Sentencing of Persons Convicted of Crimes (Address by Hon. George Edwards, Justice, Michigan Supreme Court, and Panel Discussion).

[4] See:

Kadish, *Legal Norm and Discretion in the Police and Sentencing Processes*, 75 Harv L Rev 904, 919–925 (1962);

Guzman, *Defendants' Access to Presentence Reports in Federal Criminal Courts*, 52 Iowa L Rev 161 (1966);

Lorensen, *Disclosure of Presentence Reports in West Virginia*, 69 W Va L Rev 159 (1967);

Rubin, *What Privacy for Presentence Reports*, 16 Fed Prob 8 (1952);

Sharp, *The Confidential Nature of Presentence Reports*, 5 Catholic U L Rev 127 (1955);

It is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information. The great majority of defendants plead guilty. For those defendants, probation or determination of the length of time they will be in prison are the only significant decisions to be made by the judge. One commentator points out:

"Basic fairness to the accused would seem to require the same opportunity to rebut evidence against him at sentencing as at trial. The stakes at sentencing may be just as high, and the justification for non-disclosure no more, than at the time of guilt determination." Lehrich, *The Use and Disclosure of Presentence Reports in the United States,* 47 FRD 225, 251 (1969).

In this case, the prosecutor obtained and printed as a part of the people's appendix the presentence report for Lee Richard Malkowski. Upon oral argument before this Court, defendant's attorney took exception to only two items contained in the report.

Knowlton, *Should Presentence Reports be Shown to Defendants,* 79 NJ LJ 409 (1956);

Gaulkin, *Should Presentence Reports be Shown to Defendants,* 79 NJ LJ 421 (1956);

Parsons, *The Presentence Investigation Report Must be Preserved as a Confidential Document,* 28 Fed Prob 3 (1964);

President's Commission on Law Enforcement and Administration of Justice, *The Challenge of Crime in a Free Society* 144, 145 (1967);

President's Commission on Law Enforcement and Administration of Justice, *Task Force Report: The Courts 20* (1967);

Lehrich, *The Use and Disclosure of Presentence Reports in the United States,* 47 FRD 225 (1969);

Higgins, *Confidentiality of Presentence Reports,* 28 Albany L Rev 12 (1964);

Wyzanski, *A Trial Judge's Freedom and Responsibility,* 65 Harv L Rev 1281, 1291, 1292 (1952);

Note, 81 Harv L Rev 821, 835–843 (1968);

Note, 58 Colum L Rev 702 (1958);

Thomsen, *Confidentiality of the Presentence Report: A Middle Position,* 28 Fed Prob 8 (1964);

Higgins, *In Response to Roche,* 29 Albany L Rev 225, 229 (1965);

Roche, *The Position for Confidentiality of the Presentence Investigation Report,* 29 Albany L Rev 206, 222–224 (1965).

The first was the statement: "The defendant attended school from his 5th to his 17th year, and *claims* to have completed the 11th grade  *  *  *  ." (Emphasis added.) As to this statement, it was argued that the use of the word "claims" carries an unfair imputation which could have been overcome if defendant's attorney had had an opportunity to establish definitely whether or not defendant had completed the eleventh grade.

The second item was the statement: "The Police are opposed to leniency." As to this item, it was claimed that it might have been softened if defendant's attorney had had an opportunity to establish by letters from teachers, employers and others that leniency should have been shown defendant.

An examination of the entire report, together with the fact that defendant was represented by counsel at the time of sentencing and was given an opportunity to make a statement on his own behalf, convinces us that no useful result would be achieved if defendant's sentence were to be vacated and the case remanded for the imposition of a new sentence. The denial of an opportunity to see the presentence report and to present additional facts and recommendations on the two controversial items was not so prejudicial as to result in a miscarriage of justice. (MCLA § 769.26; Stat Ann § 28.1096.)[5]

---

[5] Sentencing procedures have been the concern of an American Bar Association project on *Minimum Standards for Criminal Justice* relating to "Sentencing Alternatives and Procedures."* In the in-

---

* Section 4.4(a) and (b) of the American Bar Association project on *Minimum Standards for Criminal Justice* relating to "Sentencing Alternatives and Procedures," reads:

"(a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney and others who are acting on his behalf.

The Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON and WILLIAMS, JJ., concurred with ADAMS, J.

BLACK, J. (*concurring separately*). My disagreement with the majority opinion is total. Resting

terests of achieving a fair and uniform standard for the use of presentence reports in the trial courts of this State, this Court proposes, by court rule, to adopt the American Bar Association project's standards with modifications as herein set forth:

Fundamental fairness to the defendant requires that the substance of all derogatory information appearing in any presentence report which adversely affects his interests and which has not otherwise been disclosed in open court shall be called to the attention of the defendant, his attorney, or others acting on his behalf. The sentencing court shall permit the defendant's attorney and the defendant to inspect the presentence report. The prosecution shall also be shown the report. In extraordinary cases, the Court may except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court shall state for the record the reasons for its action and inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure shall be subject to appellate review.

The bench and bar are respectfully advised that, pursuant to GCR 1963, 933, the Court has this day notified the secretary of the State Bar of Michigan and the Court Administrator of the intent of the Court to consider, with a view toward adoption, an amendment of GCR 1963, 785, by adding a new provision to be known as GCR 785.4, reading as above set forth.

---

"(b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review."

upon what I regard as wholly unreal reasons, that opinion is pointed in the ultimate at retroactive banning of the regularly necessary confidential control by sentencing judges of presentence reports that are received by them. Despite contrary representations it is sure to provide yet another way by which the professional criminal may obtain still another "trial," and still more "appellate review," and still more outright releases when there can be no such additional "trial"; all *nunc pro tunc* as of the respective dates of his respective sentences for felony or felonies committed. *

Is there to be no end of this judicial dandling of convicts, each having been accorded an overflowing cup of due process of law and appellate review of right? For my part, I stand with the several judges of the Court of Appeals whose successive rulings negate what today's majority would force upon a harried people's already shackled effort to enforce their laws against crime. I stand also with the forcefully restraining letters we are receiving almost daily now—from veteran trial judges. Their practically experienced opposition to today's proposed new rule of Court (see footnote 5, *ante* at p 250, 251) ought to persuade every Justice that the steadily needed cooperation of law-abiding citizens, inherent as it is in the principle and value of presentence investigation, will upon declared effect of proposed new Rule 785.4 be gone with the wind.

With the criminal encouraged as he now is, either by these ever-mounting technicalisms appellate courts are inventing or by longtime release on bail, few will care to risk his emboldened ire by providing

---

* Consider the promise of prospectivity made by *Cole* (382 Mich 695, 720, 721) and its arrant repudiation 18 months later by *Hampton* (384 Mich 669).

presentence information when the court's officer requests such information.  Slowly but surely, all lawabiders are learning that the judicial system is providing for them no protection from crime; that they must take care of themselves, their lives, their property, their all.

Adopting and applying that which Division 1 wrote to conclude its opinion, I would affirm.  The conclusion thus adopted and applied reads (25 Mich App 195, 196):

"As to the second, this Court has ruled before on the availability of review of presentence reports.  *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Beard* (1969), 17 Mich App 409; *People* v. *Charles Williams* (1969), 19 Mich App 544.  Review of those reports is not of right, but within the sound discretion of the trial court.  Defendant has not shown an abuse of that discretion in the instant case."