PEOPLE v. JOHNSON

1. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—DUTY TO FURNISH REPORT.
   A trial judge does not have an affirmative duty to furnish a defendant with a copy of the presentence report.

2. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—RIGHT TO INSPECT REPORT.
   A trial judge may impose final sentence without giving a defendant and his counsel opportunity to review a presentence report.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 June 29, 1971, at Grand Rapids. (Docket No. 10144.) Decided July 29, 1971. Leave to appeal denied, 387 Mich 765.

George Johnson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka* and *Wilbur Schillinger,* Assistant Prosecuting Attorneys, for the people.

*Tat Parish,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Lew §§ 304, 308.

Per Curiam. Defendant was convicted by a jury of the crime of robbery armed, contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). His appeal as of right is met by the people's motion to affirm. GCR 1963, 817.5(3).

The record below discloses no request by defendant or his counsel of the court to examine the presentence report. Nevertheless, defendant submits that the trial court's failure to offer the report to him for examination was a denial of his constitutional rights.

Defendant's contention is without merit. This issue has been before the Court before and each time has been decided adversely to defendant's position. There is no affirmative duty on the trial judge to furnish the defendant with a copy of the presentence report. Furthermore, it is not error for the court to impose final sentence without giving defendant and his counsel opportunity to review the report. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Beard* (1969), 17 Mich App 409; *People* v. *Giacalone* (1970), 23 Mich App 163; and *People* v. *Stardevant* (1971), 33 Mich App 252. As a consequence, the question presented, on which decision of the cause depends, requires no further argument or formal submission. The motion to affirm is therefore granted.