PEOPLE *v.* BERNSTEIN

1. CRIMINAL LAW—GAMBLING—MAINTAINING GAMBLING ESTABLISHMENT—EVIDENCE—PRIMA FACIE CASE.

A *prima facie* case that defendant had committed the crime of knowingly keeping, maintaining, and suffering a gambling establishment was established where the evidence presented showed that the defendant owned the premises in question. that the defendant was present when the gambling took place, and that a cut was taken from the pot during each hand "for the house" (MCLA § 750.303).

2. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—EXAMINATION BY DEFENDANT.

The granting or denying of a defendant's request to see the presentence report is discretionary with the trial court.

3. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—EXAMINATION BY DEFENDANT.

The failure of the trial court to furnish the defendant with the presentence report at the time of sentencing or prior to sentencing was not error where neither the defendant nor his counsel requested the report.

Appeal from Ingham, Marvin J. Salmon, J.  Submitted Division 2 October 14, 1971, at Lansing. (Docket No. 10752.)  Decided October 27, 1971. Leave to appeal denied, 386 Mich 774.

William Bernstein was convicted of knowingly keeping, maintaining, and suffering a gambling establishment.  Defendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur 2d, Gambling § 118 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
[2, 3] Defendant's right to disclosure of presentence report.  40 ALR3d 681.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Farhat & Burns,* for defendant.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant and Herbert R. Fisher were charged with a two-count violation of MCLA § 750.303 (Stat Ann 1954 Rev § 28.535) in that they knowingly kept and maintained and suffered a gambling establishment. At the close of the people's proofs in a nonjury trial, a motion to dismiss was granted and an acquittal entered as to Herbert Fisher. Defendant was then convicted and sentenced to 2 years probation, $500 in fines, $250 in costs, and 60 days in the county jail. Defendant appeals from this conviction.

The evidence at the trial showed that the defendant owned the premises in question, that the defendant was present when the gaming activities took place, and that a cut was taken from the pot during each hand "for the house". The trial court found this was *prima facie* evidence that the crimes charged had been committed. The defendant's own testimony also tended to confirm that the crimes were committed.

The evidence presented by the people was sufficient, if believed, to prove each and every element required to justify the conviction of defendant of violating MCLA § 750.303 (Stat Ann 1954 Rev § 28.535).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People* v. *Johns* (1953), 336 Mich 617. The trial court properly denied defendant's motion to dismiss.

The use and confidentiality of presentence reports is clearly established under both Michigan law and the United States Constitution. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Beard* (1969), 17 Mich App 409; *People* v. *Giacalone* (1970), 23 Mich App 163; *People* v. *Moton* (1970), 25 Mich App 383; *People* v. *Stardevant* (1971), 33 Mich App 252; and *Williams* v. *New York* (1949), 337 US 241 (69 S Ct 1079, 93 L Ed 1337).

The instant case is similar to the case of *People* v. *Camak, supra,* wherein we stated at pp 661, 662 as follows:

"The record discloses no request by defendant or his counsel of the court to examine the presentence report, and as pointed out by defendant the record fails to disclose an offer by the court to defendant to examine it at the time of sentence."

Therein we ruled that there was no error in failing to furnish defendant the presentence report at the time of sentencing or prior thereto.

Furthermore, under the latest decision of our Supreme Court, *People* v. *Malkowski* (1971), 385 Mich 244, the granting or denial of a request by the defendant to see the presentence report is discretionary with the court. Defendant has failed to show any abuse of discretion by the trial court in the instant case.

Affirmed.