PEOPLE v EDGETT

1. CRIMINAL LAW—PRESENTENCE REPORT—DEFENDANT'S EXAMINA-
   TION—APPEAL AND ERROR.
   An appellate court will not reverse a trial judge's decision not
   to allow a defendant to examine a presentence report unless
   prejudice is indicated.

2. CRIMINAL LAW—PRESENTENCE REPORT—DEFENDANT'S EXAMINA-
   TION—PREJUDICE.
   Refusing to allow a defendant to examine the presentence re-
   port was not reversible error even though the sentence imposed
   was severe and the report contained information that the
   defendant had a violent nature, information based on facts
   which the defendant claimed were not true and which the
   judge admitted were based on hearsay where the information
   based on those facts was only one of several very relevant
   factors which led the judge to impose a severe sentence, be-
   cause prejudice has not been shown.

Appeal from Wexford, William R. Peterson, J.
Submitted Division 3 January 4, 1972, at Grand
Rapids. (Docket No. 11401.) Decided March 23,
1972. Leave to appeal denied, 388 Mich 779.

Richard Edgett was convicted of assault with in-
tent to commit murder. Defendant appeals. Af-
firmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law §§ 303, 584, 585.
   Defendant's right to disclosure of presentence report.  40 ALR
   3d 681.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward W. Ten-Houten,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Targonski,* JJ.

Fitzgerald, P. J. The defendant appeals his non-jury trial conviction of assault with intent to commit murder, MCLA 750.83; MSA 28.278.

At trial, the defendant admitted in his testimony that he assaulted his stepfather, George Edgett, with his fists and a wrench. The only factual issue in dispute was whether or not the defendant formed the specific intent to commit murder.

The defendant testified that his stepfather provoked the assault by calling his mother a "whore" and "tramp". Defendant denied that he ever intended to kill his stepfather and insisted that he was merely trying to scare him and teach him a lesson. Other witnesses tended to corroborate his account of what occurred.

The stepfather, George Edgett, testified that the incident was unprovoked and that his stepson said, "I'm gonna kill ya, Dad", and started beating him.

The trial court, sitting as trier of facts, believed the stepfather's testimony on defendant's intent to kill the victim and disregarded the mitigating circumstances presented in testimony of the defendant and the other witnesses, because they were friends of the defendant. The court sentenced defendant to 25–50 years imprisonment. No request was made by

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant or counsel to examine the presentence report, but the court referred to specific instances in explaining the severity of the sentence.

On motion for new trial, defendant's counsel contested the accuracy of the presentence report and asserted that the allegations were "patently false" and "erroneous". The court indicated that an oral report from the sheriff regarding defendant's violent nature was given to the probation officer and was incorporated into the presentence report. No mention is made by the trial court of the accuracy of the informant's allegations. Admittedly, this report was relied upon in imposing a severe sentence. The trial court denied defendant's motion for new trial.

On appeal, defendant presents three issues. The first two, the finding of specific intent and the reception of photographs, have been carefully studied and present no substance. Therefore, this Court addresses itself only to the particular argument relating to the sentencing process.

Defendant claims that the failure of the trial court to disclose the contents of the presentencing report was reversible error where the record indicates that the trial judge was relying on information which defendant contended was inaccurate. The trial court denied the motion for new trial in the following language:

"Defendant was represented by counsel, who handled the trial competently, and who spoke earnestly on behalf of the defendant at the time of sentencing. No request was made to the court for a copy of the probation officer's presentence report. The statement of the court to the defendant clearly indicates the factors that the court took into consideration in sentencing, of which the previous act of violence in Grand Traverse County was but one, and the broken mop in the jail cell was but another. The presen-

tence report contained a summary of many intangibles, which led the court to a rather gloomy view of the defendant's possibilities. In the light of the conduct which he had manifested, the court arrived at its conclusion as to an appropriate sentence.

"Is the failure to disclose the presentence report to the defendant in itself a reversible error? The court does not believe so. The most recent case is *People* v *Malkowski*, 385 Mich 244 (1971).

"In the *Malkowski* case, defense counsel twice asked to see the presentence report and was twice denied. The court concluded from the fact that the defendant had counsel and that he had an opportunity to make a statement on his behalf, that the failure to make such a disclosure was 'not so prejudicial as to result in a miscarriage of justice'."

The "mop handle incident" was dealt with in the following manner at sentencing:

"I have been informed that in your cell at the jail, they discovered a broken mop under your mattress; it was partly dismantled and was in such condition that it could have been used as a weapon. Now there would have been no point in concealing it in that fashion if you had not had the idea that you might use it as a weapon. These things lead me to the conclusion that I'm going to have to impose a severe sentence in your case."

Furthermore, the trial judge indicated that this information was hearsay knowledge with veracity dependent upon the truthfulness of a prison inmate:

"With respect to the incident of the mop handle, the court was advised by the Sheriff of Wexford County that his deputies had been advised by informants, who were other inmates at the county jail, that the defendant had made a weapon by breaking a mop, and had concealed it in his cell. Defendant was, and had been for some time, locked by himself. He was removed from the cell and a missing mop was found

under his mattress.  The mop proper had been removed, but the remnants, with a heavy metal ferrule, making a potentially dangerous weapon, had been concealed under his mattress and the parts showed evidence of having been worked upon in such fashion as to convert the pieces into a weapon.  Strips of torn cloth were also found under the mattress, one having been made into a noose."

In *Scott* v *United States,* 135 App DC 377, 379; 419 F2d 264, 266 (1969), the Court held that an appellate court will not review a sentence which is within the statutory limits, "but the appellate court must scrutinize the sentencing process to insure that the trial judge has considered the information available with some regard for its reliability  *  *  *  ".  As the Supreme Court of Michigan noted:

"It is vitally important to the defendant and to the ends of justice that the sentence be based upon accurate information."  *People* v *Malkowski,* 385 Mich 244, 249 (1971).

On this matter, the trial court on motion for new trial stated:

"The question remains as to whether the failure to disclose the contents of the presentence report to the defendant prior to sentencing was reversible error.

"At page 19 of the brief, counsel for defendant points to page 9 of the transcript of sentence, relating to the court's concern over an incident in Grand Traverse County.

"At page 20, the defense counsel refers to page 10 of the transcript of sentence where the court referred to information given to the court that a mop handle had been found in defendant's jail cell, the court having indicated its belief to respondent that the same was intended for use as a weapon.  Counsel then makes a factual assertion that defendant had only

occupied the particular bunk for one day and that he shared the cell with another.

"Counsel then proceeds to say: 'The allegations in the report relied upon by the court in passing sentence were patently false.' At another point he refers to the sentence resulting from 'those falsehoods.' On page 25, the reports are referred to as 'erroneous allegation,' saying: 'The very severe sentence which the court acknowledged of from 25 to 50 years is ample evidence of the tremendous prejudice suffered by this defendant.'

"Apparently it does not occur to counsel that the matters referred to by the court in the presentence report might be true, or that his statements of fact might be untrue. Without affidavit of his client or any other record, counsel chooses to state in his brief that such items are 'patently false,' 'erroneous,' *etc.* It might be better practice if counsel, who is presumably without personal knowledge of the facts, could at least put it that such matters are denied by his client."

A fair reading of *People* v *Malkowski, supra,* suggests that an appellate court will not reverse the trial judge's decision not to allow defendant to examine the presentence report *unless* prejudice is indicated. In the case at bar, the trial judge indicated that the mop handle incident was one of several very relevant factors which led him to impose à severe sentence, and after an exhaustive review of the record, we are not persuaded otherwise.

Affirmed.

All concurred.