PEOPLE v ROSCOE JACKSON

1. CRIMINAL LAW—RIGHT TO SPEEDY TRIAL.

Defendant's claim that a 14-month delay between his arrest and any action taken by the prosecution to commence trial denied him his right to a speedy trial is without merit where defendant was himself responsible for much of the delay by moving for a diagnostic commitment, requesting an adjournment, and fleeing the jurisdiction.

2. CRIMINAL LAW—REVIEW OF PRESENTENCE REPORTS—PREJUDICE.

A trial court's refusal to produce a copy of the presentence report for defendant's counsel before sentencing did not constitute reversible error where such refusal was not shown to have prejudiced the defendant.

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 June 6, 1972, at Lansing. (Docket No. 13037.) Decided June 29, 1972.

Roscoe C. Jackson was convicted of taking indecent liberties with a child. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *William D. Boham,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Daniel S. Seikaly,* Assistant Defender (Warren

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 252.
    Waiver or loss of defendant's right to speedy trial in criminal case, 129 ALR2d 572 s. 57 ALR2d 302.
[2] 21 Am Jur 2d, Criminal Law § 218 *et seq.*

Adler, on the brief, acting under GCR 1963, 921), for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

PER CURIAM. After a jury trial, the defendant was convicted of taking indecent liberties with a child under the age of 16. MCLA 750.336; MSA 28.568. He now appeals and we affirm.

The defendant points out that he was arrested on November 23, 1969, and that no action was taken to commence trial until February 1, 1971. He now complains that he was denied the right to a speedy trial. According to the defendant, the record does not explain the reason for the delay. However, a review of the record reveals a number of interesting items: an order for diagnostic commitment, granted on the defendant's motion; at least one request for adjournment by the defendant; and complaints by the prosecutor about the defendant's dilatory tactics. Perhaps the most interesting discoveries are a bench warrant issued by the trial judge and an admission by the defendant's counsel that his client had fled the jurisdiction. In addition, the defendant made no demand for a speedy trial. Defendant's complaint is without merit.

Before sentencing, the defendant's counsel requested a copy of the presentence report. The request was denied and the defendant now contends that he must be resentenced. Under the rule of *People v Malkowski,* 385 Mich 244 (1971), it seems clear that the trial court erred in not ordering the production of the presentence report. How-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ever, in order to constitute reversible error, the denial of the report must in some way have prejudiced the defendant. *People v Malkowski, supra; People v Burke,* 38 Mich App 617 (1972). It does not appear that the trial court was aware of the decision in *Malkowski* when it refused to order production of the report. Appellate counsel is obviously aware of the case yet he made no attempt to obtain the report from the trial court, nor has he sought an order from this Court to compel production. The defendant does not argue that he was prejudiced; he argues that he could have been prejudiced.

At sentencing the trial court made reference to the defendant having a drinking problem. This information was apparently obtained from the presentence report. The defendant now argues that if he had obtained the presentence report he might have offered some explanation. He does not offer any explanation but merely states that it is a theoretical possibility that he could do so. This is insufficient to require a vacating of the sentence.

Affirmed.