PEOPLE v THOMASON

Docket No. 77097. Submitted October 2, 1984, at Lansing.—Decided February 12, 1985.

Defendant, Timothy Thomason, pled guilty in the Ingham Circuit Court to armed robbery. The trial court, Thomas L. Brown, J., sentenced the defendant to from 84 months to 168 months imprisonment. Defendant appeals alleging that he must be resentenced because of the trial court's alleged improper use of the Michigan Sentencing Guidelines in determining defendant's sentence. *Held:*

The trial court did not abuse its discretion in fashioning defendant's sentence. The trial court stated on the record the reasons for the sentence imposed. Under the circumstances of this case, the Court of Appeals did not find that its conscience was shocked by the sentence imposed.

Affirmed.

R. L. EVANS, J., dissented and noted his belief that under the circumstances of this case, where defendant's sentence was based on an inaccurate reading of the Sentencing Guidelines standards, it is appropriate to vacate the sentence of the trial court and remand the case for resentencing. He would hold that a sentence based upon a significantly erroneous application of the Sentencing Guidelines standards violates due process and requires resentencing. He noted his belief that the sentencing judge clearly erred in assigning one point for Offense Variable 2.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

Use of the Michigan Sentencing Guidelines by the judges of the circuit courts and the Recorder's Court of Detroit is mandatory beginning March 1, 1984 (Administrative Order No. 1984-1).

2. CRIMINAL LAW — APPEAL — SENTENCING.

The Court of Appeals may review a criminal defendant's sentence

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

[2] 5 Am Jur 2d, Appeal and Error §§ 772, 938.

[3] 21 Am Jur 2d, Criminal Law §§ 527, 580.

to determine whether the trial court abused its discretion in fashioning the defendant's sentence and may affirm a sentence which does not shock the conscience of the Court of Appeals.

DISSENT BY R. L. EVANS, J.

3. CRIMINAL LAW — SENTENCING.

   *A sentence based on inaccurate information violates due process and entitles the defendant to a resentencing.*

4. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

   *A sentence based upon a significantly erroneous application of the Michigan Sentencing Guidelines standards violates due process and entitles the defendant to resentencing.*

5. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — APPEAL.

   *A sentencing judge who elects to consult the Michigan Sentencing Guidelines during such time as the use of the guidelines is permitted but not mandated is not free to impose a sentence based upon a significantly inaccurate application of the sentencing standards.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson,* Managing Attorney, Special Unit, Pleas/Early Releases, and *Rafael Villarruel,* Research Attorney, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, on December 23, 1983. Defendant was sentenced to from 84 months to 168 months in prison. Defendant appeals from his sentence to this Court as of right.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Defendant was convicted after the Michigan Supreme Court's decision in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). His sentence is therefore reviewable by this Court. *Coles, supra,* p 551.

At sentencing, the trial court used the Michigan Sentencing Guidelines even though their use did not become mandatory until March 1, 1984. See, Administrative Order No 1984-1, 418 Mich xxiv (1984). After some discussion about the proper point total to be used in applying the guidelines, the trial court sentenced defendant. The trial court articulated the reasons for the sentence it was imposing on the record. Defendant now contends that the trial court abused its discretion by assigning the wrong number of points for Offense Variable 2 under the robbery heading. While we can see from the record that there was a difference of opinion between defense counsel and the court about the proper number of points to be assigned, we decline to pass on that question. The only issue before us is the question of whether the trial court abused its discretion in fashioning defendant's sentence. We note that the trial court stated on the record the reasons for the sentence imposed. We cannot say that under the circumstances of this case the conscience of the reviewing Court is shocked. Defendant's sentence is affirmed.

Affirmed.

R. L. Evans, J., *(dissenting).* Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. The sentencing judge voluntarily consulted the Michigan Sentencing Guidelines for assistance in determining the sentence. Defendant's sentence of from 84 months to 168 months in prison was based upon an inaccurate reading of the Sentencing Guidelines standards. Defendant appeals from

his sentence to this Court as of right. Under these circumstances, I believe that it is appropriate to vacate the sentence of the trial court and remand the case for resentencing.

Under Administrative Order No 1983-3, 417 Mich cxxi (1983), every judge of the circuit court and of the Recorder's Court for the City of Detroit was invited, but not required, by the Supreme Court to use the Sentencing Guidelines generated by the Sentencing Guidelines Advisory Committee. In this case, the Ingham County Circuit Court judge elected to consult the guidelines in fashioning his sentence and to rely upon its recommendation in his sentence pronouncement.

The Sentencing Guidelines represent the consensus sentencing standard of the state trial bench as interpreted and developed by a committee of judges, lawyers and criminal justice operatives which was chaired by the late Supreme Court Justice BLAIR MOODY, JR. The guidelines make their sentencing recommendation by factually comparing the case to be sentenced with factually similar cases previously sentenced by Michigan trial judges. An additional basis for the recommendation compares the convicted defendant's record of prior criminal convictions with other persons convicted and sentenced for similar offenses.

The reliability of the guideline sentencing recommendations directly depends upon the factual accuracy of the description of defendant's offense and the proper application of the guideline factors called variables. When a sentencing judge elects to consult the Sentencing Guidelines and employs its recommendation in the sentence he pronounces, it is as important to the resulting determination that the guideline standards be properly applied as it is that the facts be accurately determined. A sentence based on inaccurate information violates due

process and entitles the defendant to a resentenc-ing. *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971); *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974); *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). We should hold that a sentence based upon a significantly erroneous application of the Michigan Sentencing Guidelines standards similarly requires resentenc-ing.

The sentencing judge's determination to assign one point for Offense Variable 2 Physical Attack and/or Injury was clearly erroneous. That guide-line standard provides as follows:

*"Robbery O.V. 2 Physical Attack and/or Injury*
6 = victim killed
5 = serious impairment of body function or perma-nent serious disfigurement
3 = bodily injury
1 = touching beyond that needed to commit the instant offense
0 = no touching or assault
"Instructions:
"A. In multiple offender cases, when one offender is assessed points for physical attack and/or injury, all offenders shall be assessed the same number of points.
"B. Score 0 if a victim is struck in an assaultive crime and there is no bodily injury.
"C. Score 0 in a CSC crime which does not cause bodily injury in addition to acts of touching and/ or penetration.
"D. Score 6 if death results during the commission of a crime and a homicide is not charged."

Defendant used a 12-gauge shotgun in the perpe-tration of the robbery. The gun was held to his side and was made visible to the complainant. The complainant was not touched during the robbery.

The sentencing judge found that "[t]he victim was not assaulted with a weapon or battered with a weapon, and there was, apparently, no ammunition in the weapon, but a firearm was displayed, * * *".

The sentencing court recognized that the assault that occurred in this case was only that which was necessary to the offense itself. Nonetheless the court held:

"I know there is some difference of opinion as to Offense Variable Two. No points are assigned, no touching or no assault occurred. It is true that assault is necessary in a charge of this sort, but I would assign it one point simply because of that. It is a gray area."

The additional one point assigned by the sentencing judge to Offense Variable 2 had the effect of placing defendant's offense in a higher category of severity. The guidelines sentence recommendation without the additional one point would have been from 18 to 36 months. The guidelines recommendation with the additional one point was from 48 to 84 months. The judge pronounced an 84-month minimum sentence in this case.

The sentencing judge could have lawfully imposed the sentence of from 84 to 168 months. The statute under which the offense of robbery armed is punished, MCL 750.529, authorizes a sentence of "life or for any term of years". Similarly, the judge was not required to consult the Sentencing Guidelines at all. Administrative Order No 1984-1, 418 Mich xxiv (1984), which mandates the use of the guidelines, did not become effective until after the sentencing occurred in this case. However, having elected to consult the guidelines, the judge was not free to impose a sentence based upon a significantly inaccurate application of the sentencing

standard. Inasmuch as the 84-month minimum sentence pronounced in this case is exactly that of the largest minimum sentence consistent with the erroneous guideline interpretation, it appears that the judge relied upon a significantly inaccurate application of the Sentencing Guidelines standard.

Accordingly, I would vacate the prior sentence and remand this case to the trial court for resentencing.